LEWIS LANG v. THE MAYOR AND CHIEF OF POLICE OF THE CITY OF BAYONNE.

Argued June 6, 1905—Decided November 13, 1905.

The action of a *de facto* board of police commissioners expelling a patrolman from the police force is as to him valid.

On rule to show cause for a *mandamus.*

Before Justices DIXON, GARRISON, GARRETSON and SWAYZE.

For the rule, *Gilbert Collins.*

*Contra, Thomas F. Noonan.*

The opinion of the court was delivered by

GARRISON, J.    The relator was appointed as a patrolman on the police force of the city of Bayonne on July 3d, 1893, and served continuously as such until April 24th, 1905, when, after notice and a hearing, he was expelled by a resolution of the board of police commissioners of that city. His present application is for a *mandamus* requiring the mayor and chief

of police to assign him to duty as a patrolman on the police force of the city.

If the action of the board of commissioners by which the relator was expelled from the police force was as to him valid, his present application, of course, must fail. His contention is that his said expulsion was invalid for the reason that the act of the legislature (*Pamph. L.* 1905, *ch.* 76), under which the board of police commissioners was created, was unconstitutional.

This contention, if sound, avails the relator nothing. The board, at the time it directed his expulsion, was a *de facto* body exercising public functions under a color of right; hence its acts, so far as the relator is concerned, are valid. *Mitchell* v. *Tolan,* 4 *Vroom* 195, 201; *Bownes* v. *Meehan,* 16 *Id.* 189; *Dugan* v. *Farrier,* 18 *Id.* 383.

The rule to show cause will be discharged.